IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

JACKIE LEE SNIDER,

    Petitioner,

v.                                                     Civil Action No. 3:06CV93
                                                      (BAILEY)

EVELYN SEIFERT,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation on the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 2) and the petitioner's corresponding objections (Doc. 23). Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to exercise review under the standards believed to be appropriate and, under these circumstances, the parties' right to *de novo* review is waived. **See Webb v. Califano**, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the report and recommendation will be reviewed for clear error. As a result, it is the opinion of the Court that the **Magistrate Judge's Report and Recommendation (Doc. 21)** should be, and is, **ORDERED ADOPTED**.

The relevant factual and procedural history regarding petitioner's motion under 28 U.S.C. § 2254 are as follows. On April 25, 2002, petitioner sought medical treatment at St. Mary's Correctional Center for bleeding in his scrotum. While alone with the nurse, petitioner made several vulgar comments and reached over and touched the nurse's breast. (Doc. 14-3, Violation Report). As a result of this incident, the nurse filed a violation report, and the petitioner was charged with violating Administrative Rule 1.03, entitled "Rape." At the disciplinary hearing before a magistrate, the petitioner unsuccessfully argued that he was not guilty because a violation of Rule 1.03 required sexual penetration. The nurse was the only witness to testify during the hearing. Upon consideration, the magistrate found the petitioner guilty and sentenced him to six months punitive segregation, 90 days loss of privileges, and one year loss of good time.

As a result, petitioner unsuccessfully filed an administrative appeal. Following the denial of his appeal, petitioner filed a petition for writ of habeas corpus before the Circuit Court of Pleasants County, which was also denied. Thereafter, petitioner appealed to the Supreme Court of Appeals of West Virginia, which affirmed the decision on February 27, 2006. Following this most recent denial, plaintiff filed the instant petition on September 8, 2006. There, petitioner does not contend that the disciplinary hearing violated his due process rights. Instead, petitioner alleges that he is not guilty of violating Administrative Rule1.03.

In considering the above, the Magistrate Judge found sufficient evidence to support the decision of the magistrate at the diciplinary hearing, and therefore, recommended that the petition be dismissed. In response, the petitioner objects that the Magistrate Judge erred in considering only the statements attributed to the petitioner by the respondent in her

pleadings. In addition, the petitioner objects that he did not testify at the disciplinary hearing because he was instructed that his testimony could potentially be used against him in a criminal prosecution and because the inmate representing the petitioner had cautioned against it.

As an initial matter, the Court notes that prison disciplinary proceedings are distinguishable from criminal prosecutions in that prisoners do not enjoy "the full panoply of due process rights due a defendant" in a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Nevertheless, where, as here, a hearing may result in the loss of good time credit, an inmate must receive advanced written notice of the charges, an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals, and a written statement by the fact finder identifying the evidence relied on and the reasons for the decision. *Id.* at 563-67.

In exercising judicial review, a court will not disturb the results of a disciplinary hearing where "there was some evidence from which the conclusion of the administrative tribunal could be deduced." *Walpole v. Hill*, 472 U.S. 445 (1985) (citations omitted). Further, determining "whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of evidence. Instead the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455.

Regarding petitioner's general objection to the result of the disciplinary hearing, the Court concurs with the finding of the Magistrate Judge. Administrative Rule 1.03 outlined

Page 3 of 5

in Policy Directive No. 325.00 provides that "[a]n inmate shall not physically force, *or attempt to force another person to submit to any sexual act*, nor shall they threaten another person with harm in order to compel them to commit a sexual act." *Id.* (emphasis added). As such, petitioner's argument that he never achieved sexual penetration is misplaced as the rule clearly covers conduct where an inmate unsuccessfully attempts to physically force another to submit to a sexual act.

In addition, the Court finds that petitioner's objection, that the Magistrate Judge erred in considering only the statements attributed to the petitioner by the respondent in her pleadings, is without merit. Initially, petitioner's contention is factually inaccurate as the quotations at issue come not from pleadings but from the text of the violation report. Furthermore, and as noted above, determining whether a disciplinary decision is supported by some evidence does not require an examination of the entire record. Here, the Court is convinced that the testimony of the nurse and the violation report constituted evidence that "could support the conclusion reached by the disciplinary board." *See Walpole*, 472 U.S. at 455. As a final matter, the Court concludes that the decision of the petitioner, to exercise his Fifth Amendment right against compelled testimony after being properly advised, does not disturb this finding.

For the foregoing reasons, and those more fully contained in the Report and Recommendation of the Magistrate Judge (Doc. 21), the Court hereby **ORDERS** as follows:

1. **Magistrate Judge's Report and Recommendation (Doc. 21) is ORDERED ADOPTED;** and

2. **The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED .**

As a final matter, it is **ORDERED** that this case be **CLOSED** and **STRICKEN** from the active docket of the Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record.

Dated this 22nd day of May, 2008.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE